UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE NASRAH, et al.,<br>Plaintiffs,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | Case No. 26-cv-06831-RFL<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

Plaintiffs filed this lemon-law case in state court. General Motors LLC removed it to this Court. Plaintiffs now move to remand. The motion is **DENIED**.[1] Plaintiffs principally argue that the Song-Beverly Act's potential civil penalties are not automatically included in the amount in controversy just because they allege willfulness. However, "the amount in controversy includes all amounts at stake in the litigation at the time of removal, whatever the likelihood that the plaintiff will actually recover them." *Johnson v. Volkswagen Grp. of Am., Inc.*, No. 23-CV-04491-RFL, 2024 WL 2745905, at *1 (N.D. Cal. Feb. 2, 2024) (cleaned up) (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). Plaintiffs allege that they are entitled to civil penalties, so those penalties are included in the amount in controversy. *See id.* at *2. "Indeed, it would be odd to require [a defendant] to provide proof that it would be subject to the penalty, an issue for which [the plaintiff] would have the burden of proof at trial." *Id.*; *see also Zeto v. BMW of N. Am., LLC*, No. 20-CV-1380-GPC, 2020 WL 6708061, at *5 (S.D. Cal. Nov. 16, 2020). Plaintiffs do not contest General Motors' estimate of actual damages and

[1] Plaintiffs' unopposed request for judicial notice (Dkt. No. 11-13) is granted.

potential civil penalties, which combined exceed $75,000. (*See* Dkt. No. 1 at 5.) Accordingly, it is unnecessary to reach the sufficiency of General Motors' attorney's fees allegations.

**IT IS SO ORDERED.**

Dated: September 4, 2026

RITA F. LIN
United States District Judge